# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 24-2081V

|  |  |
|---|---|
| LYNNE CARROLL,<br><br>　　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: August 5, 2025 |

*Alison Haskins, Siri & Glimstad, LLP, Aventura, FL,* for Petitioner.

*Rachelle Bishop, U.S. Department of Justice, Washington, DC,* for Respondent.

### DECISION AWARDING DAMAGES[1]

On December 18, 2024, Lynne Carroll filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a Table shoulder injury related to vaccine administration ("SIRVA"), as the result of a tetanus vaccination that she received on May 15, 2024. Petition at 1, ¶ 16. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On July 30, 2025, a ruling on entitlement was issued, finding Petitioner entitled to compensation for SIRVA. On August 4, 2025, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $67,500.00 in pain and suffering. Proffer at 1. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $67,500.00 (representing pain and suffering), to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

|  |  |
|---|---|
| LYNNE CARROLL, ) | |
| ) | |
| Petitioner, ) | No. 24-2081V |
| ) | Chief Special Master Brian H. Corcoran |
| v. ) | |
| ) | |
| SECRETARY OF HEALTH ) | |
| AND HUMAN SERVICES, ) | |
| ) | |
| Respondent. ) | |

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On December 18, 2024, Lynne Carroll ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Act"), alleging that a May 15, 2024 tetanus vaccination caused her to suffer a shoulder injury related to vaccine administration ("SIRVA"), as defined in the Vaccine Injury Table. Petition at 1. On July 30, 2025, the Secretary of Health and Human Services ("respondent") filed a Rule 4(c) Report indicating that this case is appropriate for compensation under the terms of the Act. ECF No. 20. Later on July 30, 2025, the Court issued a Ruling on Entitlement finding petitioner entitled to compensation. ECF No. 21.

**I.   Compensation**

Based on the evidence of record, respondent proffers that petitioner should be awarded $67,500.00 in pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4). This amount represents all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

## II. Form of the Award

Petitioner is a competent adult. Evidence of guardianship is not required in this case. Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment as described below and requests that the Court's decision and judgment award the following: a lump sum payment of $67,500.00, to be paid through an ACH deposit to petitioner's counsel IOLTA account for prompt disbursement to petitioner.[1]

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

VORIS E. JOHNSON, JR.
Assistant Director
Torts Branch, Civil Division

*/s/ Rachelle P. Bishop*
RACHELLE P. BISHOP
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
(202) 616-3662
Rachelle.P.Bishop@usdoj.gov

Dated: August 4, 2025

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future unreimbursed expenses, future lost earnings, and future pain and suffering.